Chief Justice Hobektson
delivered the Opipion of the Court.-
To an action of trespass, brought by Faulkr alleged forcible taking and conversion of his defendant, Bradley, pleaded -that he had take the horse (as a constable) in virtue of a fieri fa> Faulkner.; to which the latter replied, that, of the levy and sale, “he was a bona fide houl-fefegper, with a family, and that the horse (so taken) was only work beast which tvas not previously levied on by execution.” The circuit court sustained a demurrer to the .replication, and thereupon rendered judgment in bar of the action. And the correctness of that decision is the only matter for consideration, in this case.
The replication would certainly have been good had it not, in averring that the horse sold by the defendant was the plaintiff’s “ only work beast,” added, “ which was not previously levied on by execution.” But this .addition implies the admission, that, the plaintiff owned, at the time of the levy and sale, other “ wohk beasts ;” and, admitting, as alleged, that they had been “previously levied on by execution,” nevertheless that levy may have been discharged without a side, or may otherwise have not been subsisting at the date of the levy and caption by the defendant, and thus those other horses may have *142 been the unincumbered property of the defendant at that time ; and, therefore, the replication may be ad-fitted to be perfectly true, and still the necessary eleduction is not that the horse taken by the defendant was, when taken, the plaintiff’s “only work beast.”
• Wherefore, as all the averments-.of the replication may be true, and still not shew that the plaintiff owned' only one “ work beast” when the defendant levied on it, this court cannot reverse the judgment of the court below on the demurrer.
Judgment, therefore, affirmed.